367 P.2d 455

**COMMISSION OF FINANCE OF UTAH (administering the State Insurance Fund), Plaintiff,**

**v.**

**INDUSTRIAL COMMISSION OF UTAH, and Donald E. MacCartle, Defendants.**

**No. 9491.**

Supreme Court of Utah.

Jan. 8, 1962.

F. A. Trottier, Salt Lake City, for plaintiff.

Walter L. Budge, Atty. Gen., for defendants.

HENRIOD, Justice.

Review of an Industrial Commission order adjudging that the claimant, Donald E. MacCartle, was entitled to workmen's compensation for injuries sustained in an auto accident. Reversed.

In 1945, legislation was expanded to include a "partner" as well as an "employee" [1] in workmen's compensation coverage. In 1954, MacCartle procured insurance from the State Insurance Fund *as an individual employer,* not as an employee. In 1958 he wrote the Fund requesting that his wife be included in the policy, "as a partnership doing business as * * * MacCartle's, and I desire coverage for myself as a partner." The Fund endorsed the policy by including him as a partner. In 1960 he was injured, filed his claim with the Industrial Commission and attended a hearing thereon in January, 1961, wherein the Industrial Commission made a finding that he was not a partner at the time he acquired coverage in 1954, or thereafter. Nonetheless it concluded that at the time of the injury, he was covered, the Fund having taken neither one nor the other of two statutory alternatives allowing it to "cancel" the policy.[2] In July, 1961, the Fund returned his premiums and retroactively eliminated his coverage as a partner from the 1958 date, at which last date the rider was annexed to his 1954 policy that covered him not as an employee but as an individual employer. The latter coverage was continued in force.

Under the Act there is no authority to cover a person as a partner, if in fact he is not one. This is true whether he asserts such status innocently or not, or whether or not the Fund takes his word for it. It is as though an employer would list a person as an employee who never worked for him. In such event we think any attempt at coverage, although innocently indulged, would do violence to any legislative authority delegated to the Fund and to the spirit of the Act itself. Consequently it would be a nullity. Were we to conclude otherwise, it would appear that many novel situations could arise, wherein the Fund would be on the risk for those not enumerated in the Act, and for whom the Act never was intended.

Although this court ordinarily will sustain the Commission's conclusions if bas-

---

1. Title 35–1–43, Utah Code Annotated 1953.
2. Title 31–19–14, Utah Code Annotated 1953 providing for cancellation of a policy, "either by agreement between the industrial commission and the *employer* or in case of nonpayment of premium by thirty days' notice * * * to the industrial commission and the *employer*." This assumes the coverage of an insurable person within the meaning of the Act, not a purported partner who actually is not a partner.

ed on disputed facts, we cannot do so, where, as here, the fact that there was no partnership was established by the Commission itself, which finding was supported by substantial, competent evidence. We think that being a partner, in fact and in law, is a condition precedent to entitlement under the Act, just as it has been determined that entitlement by virtue of employment is conditioned on the fact that a successful claimant must have been an employee, in fact and in law, at the time of injury.

WADE, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.